IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| FLOORS & MORE, INC., | ) | |
| | ) | CASE NO. BK06-81735-TJM |
| Debtor(s). | ) | A07-8056-TJM |
| RICHARD D. MYERS, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFF & TIFFANY CHRISTENSEN d/b/a | ) | |
| CHRISTENSEN INTERIOR | ) | |
| CONTRACTING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on September 17, 2007, on the trustee's motion to dismiss the defendants' counterclaim (Fil. #5) and resistance by the counter-claimants (Fil. #10). Alan Pedersen appeared for the plaintiff, and Andrew Muller appeared for the defendants.

The motion to dismiss is denied.

The Chapter 7 trustee filed this adversary proceeding to collect money due from the Christensens for material and services supplied to them by the debtor for two jobs: the project known as the "Cass Street Condos Project" and the project known as the "Christensen Residence Project." The Christensens counterclaim against the trustee as the representative of the bankruptcy estate, alleging the debtor breached the parties' contract for the Christensen Residence Project by providing poor quality goods and services which caused the Christensens to incur the expense of repair and replacement. The Christensens argue that the damages they incurred should offset any amounts they are found to owe to the debtor, and that any damages awarded to them in excess of the amount they are found to owe to the debtor should constitute an unsecured claim to be paid through the bankruptcy case.

The trustee moves to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] for failure to state a claim upon which relief may be granted, asserting that the Christensens, who have not filed a claim in the bankruptcy case, are improperly attempting to obtain

---

[1]Made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

an unsecured pre-petition claim after the expiration of the bar date.

The Christensens resist the motion to dismiss, stating that they did not receive notice of the claims bar date and have moved in the bankruptcy case for permission to file a late proof of claim. They also argue that while a late-filed proof of claim may affect their ability to collect on a judgment, it should not prohibit them from obtaining such a judgment.

In reviewing a Rule 12(b)(6) motion, the factual allegations in the counterclaim, along with the reasonable inferences to be drawn from them, are accepted as true. Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991). A motion to dismiss a counterclaim should not be granted "if any set of facts, consistent with the allegations, would support granting the requested relief." Bank One Wisconsin, N.A. v. Annen (In re Annen), 246 B.R. 337, 340 (B.A.P. 8th Cir. 2000) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

When "matters outside the pleading are presented to and not excluded by the court," a 12(b)(6) motion is treated as a motion for summary judgment. Fed. R. Civ. P. 12(b). The court received evidence at the hearing on the trustee's motion, in the form of affidavits from the Christensens (Fils. #14 and 15).

The Christensens testify in those affidavits that their company changed its corporate name in April 2006 and the Christensens sold all of their stock in the company, along with all rights and liabilities, in November 2006. As a result, they say they did not receive notice of Floors & More's bankruptcy case filed in October 2006. They only became aware of the bankruptcy when the trustee filed this lawsuit in June 2007. This information is relevant to their ability to timely file a proof of claim, which is the subject of a separate motion in the bankruptcy case, and which may be the subject of further litigation depending on the outcome of that motion. It brings little to bear, however, on the question of whether the trustee has met his burden for dismissal of the counterclaim. The motion to dismiss can be decided without reference to the evidentiary submissions.

The trustee relies on the ruling in Moglia v. Johnson Outdoors, Inc. (In re Outboard Marine Corp.), 2003 WL 21018598 (Bankr. N.D. Ill. Apr. 24, 2003), in which the court dismissed a creditor's counterclaim against the trustee. The Chapter 7 trustee in that case filed a preference action against the creditor, and the creditor counterclaimed for the debtor's breach of a pre-petition contract and for the value of goods delivered to the debtor, on facts relating to and arising from the same transactions alleged by the trustee in his complaint. In granting the trustee's motion to dismiss the counterclaim, the court agreed with the trustee that the counterclaim was an improper attempt by the creditor to amend its proof of claim, which should be dealt with in the bankruptcy claims process. See also In re Gates, 1998 WL 34069416 (Bankr. C.D. Ill. 1998) (dismissing counterclaim that asserted an affirmative right to money owed and not merely a set-off, and stating that a proof of claim was the proper way to bring the claim).

In other jurisdictions, however, counterclaims such as the one in this case are permitted to go forward. Under Federal Rule of Bankruptcy Procedure 7013, a party sued by a trustee is not required to file a counterclaim to pursue any pre-petition claim it may have against the debtor or the

-2-

estate, but such a party is not prohibited from doing so. <u>Zweygardt v. Colorado Nat'l Bank of Denver</u>, 51 B.R. 214, 216 (Bankr. D. Colo. 1985); <u>In re Merritt Logan, Inc.</u>, 109 B.R. 140, 143-44 (Bankr. E.D. Pa. 1990) (Rule 7013 recognizes that claims may be determined either through the claims allowance process or by way of a counterclaim). A counterclaim for breach of a pre-petition agreement, filed in response to a debtor-in-possession's complaint for damages including unpaid rent, constituted an informal proof of claim, as the creditor had not filed a timely proof of claim. <u>Collet Ventures, Inc. v. Marchese (In re Collet Ventures, Inc.)</u>, 106 B.R. 607, 611 (Bankr. W.D. Mo. 1989). <u>See also</u> <u>Hatzel & Buehler, Inc. v. Station Plaza Assocs., L.P.</u> 150 B.R. 560, 561 (Bankr. D. Del. 1993) (an informal proof of claim must be in the form of a pleading filed in the bankruptcy court which shows that a demand is made against the estate and the creditor intends to hold the estate liable).

In the case of <u>Grant v. Florida Power Corp. (In re Amer. Fabricators, Inc.)</u>, 186 B.R. 526 (Bankr. M.D. Fla. 1995), the court denied the Chapter 7 trustee's motion to dismiss a counterclaim, finding that the trustee's arguments that the creditor should use the claims allowance process to obtain a judgment against the estate concerned the merits of the counterclaim, and if there were merits to be argued, then the creditor had stated a claim sufficient to survive a Rule 12(b)(6) motion.

Because this adversary proceeding provides a better context for dealing with the Christensens' counterclaim than the claims process does, the trustee's motion is denied.

IT IS ORDERED the trustee's motion to dismiss the defendants' counterclaim (Fil. #5) is denied.

DATED:        September 21, 2007

BY THE COURT:

Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
      *Alan Pedersen
      Andrew Muller
      U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.