IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK06-81735 |
| ) | A07-8056 |
| FLOORS & MORE, INC., ) | |
| ) | CH. 7 |
|            Debtor(s). ) | |
| RICHARD D. MYERS, Chapter 7 Trustee, ) | |
| ) | |
|            Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JEFF CHRISTENSEN, ) | |
| TIFFANY CHRISTENSEN and ) | |
| GENCON, INC., formerly known as ) | |
| CHRISTENSEN INTERIOR ) | |
| CONTRACTING, INC., ) | |
| ) | |
|            Defendants. ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on January 7, 2008, regarding Filing No. 29, Motion for Order Setting Aside Default Judgment and for Order Permitting Filing of Answer, filed by GenCon, Inc., and Filing No. 30, Objection, filed by Richard D. Myers. Alan Pedersen appeared for Richard D. Myers and Kathryn Derr appeared for GenCon, Inc.

The Chapter 7 trustee filed an amended complaint on September 25, 2007, at Filing No. 19, naming, among others, GenCon, Inc., formerly known as Christensen Interior Contracting, Inc., alleging that the Chapter 7 debtor had provided material and services to GenCon, Inc., in the amount of $10,450.65 which had not been paid and which was still due and owing. Counsel for the plaintiff trustee filed a certification of service showing that he had served the summons and notice of trial, together with the amended complaint, on GenCon, Inc., through its registered agent by certified mail – return receipt requested. The certification further showed that the certified mail delivery receipts were signed for on October 1, 2007 (Filing No. 21).

On October 30, 2007, plaintiff, at Filing No. 23, filed a motion for default judgment against defendant GenCon, Inc., and supported the motion with an affidavit of the trustee showing GenCon, Inc., owed the bankruptcy estate $10,450.65, based upon two agreements for material and services which had been provided by the debtor on open account for use in GenCon, Inc.'s business.

On October 31, 2007, at Filing No. 26, an order for default judgment was entered.

On November 2, 2007, at Filing No. 29, GenCon, Inc., through counsel, filed a motion for an order setting aside the default judgment and for an order permitting the filing of an answer. The motion is brought under Federal Rule of Civil Procedure 60(b), as made applicable in bankruptcy adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7055 and Federal Rule of Civil Procedure 55(c).

The plaintiff has resisted the motion.

A court may grant relief from judgment for the reasons listed in Federal Rule of Civil Procedure 60(b), including in part, excusable neglect. The Court of Appeals for the Eighth Circuit recently summarized the factors that bear on whether to grant relief under Rule 60(b)(1) for excusable neglect. <u>Feeney v. AT & E, Inc.</u>, 472 F.3d 560 (8th Cir. 2006).The position of the Eighth Circuit was recently discussed by United States District Judge Laurie Smith Camp in <u>Pierce v. Vasca, Inc.</u>, 2007 WL 1291099 (D. Neb. Mar. 20, 2007). In that opinion, Judge Smith Camp stated:

> The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." The relevant circumstances include "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of movant, and whether the movant acted in good faith." The existence of a meritorious defense is also a relevant factor.

Id. at *2 (quoting <u>Feeney</u>, 472 F.3d at 562-63)). She further stated that whether the reason for the delay is a mistake of law is also a key factor in the analysis. <u>Id.</u> (citing <u>Lowry v. McDonnell Douglas Corp.</u>, 211 F.3d 457, 463 (8th Cir. 2000)).

In this case, GenCon, Inc., has given absolutely no reason for failing to timely respond after being served with the amended complaint. It was served on October 1, 2007. It should have filed an answer or a motion 20 days thereafter. It did not do so. Nine days after the deadline for responding had passed, the plaintiff filed a motion for default judgment. It was entered on the next day. Then, and only then, did GenCon, Inc., seek the services of an attorney.

The motion states that GenCon, Inc., has a good defense to the claims by the plaintiff. However, the proposed answer and cross-claim filed along with the motion do not indicate a valid defense. The answer is a general denial of the allegations. The cross-claim filed as part of the answer is addressed to other individual defendants. In the cross-claim, GenCon, Inc., alleges that the prior owners of GenCon, Inc., the Christensens, defrauded the new owner of GenCon, Inc., by falsely informing the new owner that the corporation had no outstanding obligations, when the Christensens had to know that there was a debt owed to this debtor.

Those allegations are not a defense to this collection lawsuit brought by the trustee on behalf of the bankruptcy estate of Floors & More, Inc. It may be true that GenCon, Inc., or its new owner, has a valid cause of action against the Christensens, but that potential cause of action provides no defense to the amended complaint filed against GenCon, Inc., by the trustee as plaintiff.

I find no equitable or legal basis for setting aside the default judgment and therefore the motion is denied.

IT IS ORDERED that the Motion for Order Setting Aside Default Judgment and for Order Permitting Filing of Answer, Filing No. 29, is denied.

DATED:     January 8, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:

    Alan Pedersen
    *Kathryn Derr
    United States Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.